Filed 7/22/15  P. v. Salinas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B255780 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA097257) |
| v. | |
| LIVERIO SALINAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard R. Romero, Judge.  Affirmed and remanded with directions.

Sheila Tuller Keiter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews, Analee J. Brodie and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Liverio Salinas (defendant) appeals from the judgment entered after he was convicted of inflicting corporal injury on the mother of his children. He challenges only the protective order issued upon sentencing, and contends that the trial court abused its discretion by including the three children as protected persons. We agree and order the trial court to modify the order by striking the children's names. We otherwise affirm the judgment.

## BACKGROUND

Defendant was charged with inflicting corporal injury on a spouse, in violation of Penal Code section 273.5, subdivision (a), (count 1).[1] Count 1 further alleged that defendant had suffered a prior conviction of the same offense within the preceding seven years, within the meaning of section 273.5, subdivision (e)(1), and that in the commission of the current offense, defendant inflicted great bodily injury on victim Amelia L., within the meaning of section 12022.7, subdivision (e). In count 2, defendant was charged with disobeying a domestic relations court order in violation of section 273.6, subdivision (a).

Defendant agreed to plead no contest to count 1 and to admit the special allegations, in return for a four-year prison term and dismissal of count 2. On March 3, 2014, defendant entered a plea as agreed, admitted the special allegations, and the parties stipulated to the facts presented at the preliminary hearing as the basis for defendant's admission to having inflicted great bodily injury. At the preliminary hearing Amelia testified that defendant had come to her home to see their children, and in the presence of the children, he became angry, pulled Amelia by the hair, and slammed her head against the door frame causing a head wound that required seven staples to close.

The trial court sentenced defendant to four years in prison in accordance with the plea agreement and ordered defendant to pay mandatory fines and fees. Defendant was awarded total custody credit of 195 days. The trial court also entered a protective order requiring defendant to stay away from Amelia and their three children, and to have no

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

contact, including all "personal, electronic, telephonic, or written contact" with them for a period of 10 years.

The trial court issued a certificate of probable cause solely as to the issue of the breadth of the protective order, and defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that the trial court abused its discretion in issuing a protective order which prohibits contact with his children for 10 years. Under former section 273.5, the trial court was authorized to issue "an order restraining the defendant from any contact with the *victim* . . . for up to 10 years, as determined by the court." (§ 273.5, subd. (j), italics added.)[2] Defendant contends that his children were not victims within the meaning of the statute and that including them in the protective order was unauthorized. In general, a trial court's decision can be an abuse of discretion when it is not "'guided by legal principles and policies appropriate to the particular matter at issue.' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)

Defendant relies in part on *People v. Delarosarauda* (2014) 227 Cal.App.4th 205 (*Delarosarauda*), which held that under the plain language of the statute, "victim" means the victim of the conduct which constitutes a violation of section 273.5. (*Delarosarauda*, at pp. 212-213.) The possible victims enumerated in the statute are the defendant's "spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child." (Former § 273.5, subd. (a); see now, subd. (a) & (b).) Section 273.5 prohibits the infliction of corporal injury through the application of physical force against a person described in one of the specified categories of victims, resulting in a "traumatic condition" of the body, i.e., a *physical* injury. (Former § 273.5, subd. (a) & (c); see now, subds. (a), (b) & (d); see *Delarosarauda*, *supra*, at p. 213.) Thus, subdivision (j)

---

[2]     The trial court used Judicial Council form No. CR-160, which is used for protective orders issued under various statutes, and checked the box corresponding to section 273.5, subdivision (i). The form had been revised in 2009, before subdivision (i) was renumbered as subdivision (j) in 2013. (See Stats. 2013, ch. 763, § 1.) As this protective order was issued in 2014, we construe the court's intention as issuing the order under section 273.5, subdivision (j).

authorizes the court to restrain the defendant from any contact with the victim *as defined* in the statute; however, the statute contains no language authorizing the court to prohibit contact with the victim's children. (*Delarosarauda*, at p. 213.)

Respondent contends that despite the language of the statute, we should reject the *Delarosarauda* court's definition of victim as too restrictive when considered in the context of domestic violence, and should include children who suffer or may suffer *psychological* harm by witnessing acts of domestic violence. Respondent urges that the better reasoning appears in *People v. Clayburg* (2012) 211 Cal.App.4th 86 (*Clayburg*), which construed "victim" more liberally in holding that under the statute relating to stalking, "a member of the immediate family of a stalking victim (§ 646.9, subd. (a)) who suffers emotional harm, here a child, is a 'victim' for purposes of a postconviction restraining order." (*Clayburg, supra*, at p. 88.) Respondent argues that the *Clayburg* court correctly recognized the importance of protecting all victims of domestic violence, and notes that its definition of victim was consistent with the California Constitution, article 1, section 28 (the "Victims' Bill of Rights"), subdivision (e), as "a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime [including] the person's spouse, parents, children, siblings, or guardian." (See *Clayburg, supra*, at p. 91.) Respondent also notes that *Clayburg* relied on a sentence in section 646.9, subdivision (k)(1), identical to the second sentence in section 273.5, subdivision (j): "It is the intent of the Legislature that the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family." (See *Clayburg, supra*, at pp. 88-89, 92.)

*Clayburg* provides no guidance here, as section 646.9 protects any "other person" without limitation to categories of victims, and physical harm is not an element of the offense, as it is in section 273.5. Further, we observe that the constitutional definition of victim was expressly limited to the purposes of the Victim's Bill of Rights, and cannot be read to apply to every statute in which the word "victim" appears. (See Cal. Const., art. 1, § 28 ["As used in this section"].) We agree with the *Delarosarauda* court that the

second sentence of section 273.5 clearly relates only to the court's determination of the duration of the restraining order, not the definition of victim. (See *Delarosarauda, supra*, 227 Cal.App.4th at pp. 211-212.)

In any event, the trial court made no finding that the children's safety was threatened and there was no evidentiary showing that they required protection for any period of time, much less for 10 years. The court expressly did not find that defendant's children were victims, and named the children in the protective order solely as a means to give effect to the order. After the prosecutor reminded the court that the children had been included in the protective order pending trial and that defendant had gained access to Amelia by bringing food to the children, the court found it necessary to include the children in order to protect Amelia from defendant. When defense counsel pointed out that the statute did not include children in the statutory categories of victims, the court explained:

> "I'm not listing the children as possible victims. I'm listing the children because he otherwise made attempts to contact the children, and necessarily by contacting the children, she will be in danger because she has custody of the children. So I'm only including them to carry out the protective order as to her."

The question is thus not whether the children can be defined as victims in section 273.5, subdivision (j), but whether the trial court was authorized to include them in the order as a means to make it effective in protecting Amelia. There is no provision in section 273.5 extending that authority, and although the Judicial Council form CR-160 provided the option to designate other statutory bases for the order, the court checked only the box next to section 273.5. We are mindful that "[i]t is not the content or format of the Judicial Council form that determines the propriety of the challenged protective order, but the authorizing statute. [Citation.]" (*People v. Stone* (2004) 123 Cal.App.4th 153, 158.) Respondent presents no argument on appeal that any other statute authorized the court to include the family member of the person protected in the order.

At sentencing, the prosecutor sought to justify the postconviction protective order in part because the trial court had previously named the children in the order pending

5

trial, which had been issued pursuant to section 136.2. However, that order was valid only pending trial, and while subdivision (i) of section 136.2 permits a postconviction restraining order to protect victims of domestic violence, "'[v]ictim' means any natural person with respect to whom there is reason to believe that any crime as defined under the laws of this state . . . is being or has been perpetrated or attempted to be perpetrated." (§ 136, subd. (3).) Thus, children who are victims in the sense that they have witnessed violence against their mother, are not victims for purposes of a postconviction protective order unless the defendant committed the same statutorily defined crime against them. In other words, there must be some showing that the children were victims of that same crime, albeit unnamed victims. (See *Delarosarauda, supra*, 227 Cal.App.4th at p. 212.) Here, although Amelia testified that her children cried when they witnessed the violence, there was no evidence that the children suffered past or present physical harm or that they qualified under one of the categories of victims in section 273.5.[3]

Finally, we reject any suggestion in respondent's arguments that Amelia and her children cannot be protected unless the definition of victim is judicially expanded for purposes of section 273.5. The family and juvenile courts may include other persons in a protective order as necessary to effectuate the protection of a child or other family member, and such an order may coexist with an order issued by the criminal court to protect a victim of domestic violence, so long as it does not conflict with the criminal

---

[3]     On the other hand, the children did fit the statutory definition of "witnesses" for purposes of section 136.2, as witness "means any natural person, (i) having knowledge of the existence or nonexistence of facts relating to any crime, . . . or (v) who would be believed by any reasonable person to be an individual [so] described . . . ." (§ 136, subd. (2).) Three months after *Delarosarauda* held that section 136.2, subdivision (i) protected only the victim, not the victim's family members, the Legislature amended provisions relating to *pre*conviction protective orders in section 136.2, subdivision (a)(1), by adding subparagraph (G)(iv)(2): "For purposes of this subdivision, a minor who was not a victim of, but who was physically present at the time of, an act of domestic violence, is a witness and is deemed to have suffered harm within the meaning of paragraph (1)." (Stats. 2014, ch. 673, § 1.3, eff. Jan. 1, 2015.) No change was made to the definition of victim in section 136, or to the scope of the postconviction protective order authorized by section 136.2, subdivision (i).

protective order.  (*In re C.Q.* (2013) 219 Cal.App.4th 355, 363-364; *In re B.S.* (2009) 172 Cal.App.4th 183, 188-189; see, e.g., Fam. Code, §§ 6322, 6340, 6380; Welf. & Inst. Code, § 213.5.)  Moreover, our function is to construe the applicable statutes, not to rewrite them.  (See *People v. Skinner* (1985) 39 Cal.3d 765, 775-776.)

We conclude that the trial court was not authorized to include the children in the postconviction protective order, and their names must be stricken.

## DISPOSITION

The matter is remanded with directions to the superior court to modify the protective order by removing all names except Amelia from the list of protected persons, term No. 4 on Judicial Council form No. CR-160, filed March 3, 2014.  In all other respects and as so modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:



_____, P. J.
BOREN



_____, J.
HOFFSTADT

7